# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-5036 FMO (MRW) | Date | July 6, 2018 |
|---|---|---|---|
| Title | Miranda v. Figueroa | | |

| Present: The Honorable | Michael R. Wilner | |
|---|---|---|
| Veronica Piper | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff / Petitioner: | | Attorneys Present for Defendant / Respondent: |
| None present | | None present |

**Proceedings:** ORDER TO SHOW CAUSE RE: DISMISSAL

1. This is a habeas action involving a challenge to a state criminal conviction. Petitioner Miranda submitted the petition using a mailing address showing that he is housed in an ICE detention center in Otay Mesa, California. (Petition at 1.)

2. Except he may not be. When the Court recently issued an order serving the petition on the California Attorney General, the copy sent to Petitioner was returned by the U.S. Postal Service. (Docket # 5.) The "return to sender" designation suggests that Petitioner is no longer housed in that facility.

3. That's a problem. A litigant in federal court is obliged to inform the Court and the opposition of any change in address. If Petitioner fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

> **If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of his current address, the Court may dismiss the action with or without prejudice for want of prosecution.**

4. Moreover, given that Petitioner may have been paroled at the end of his sentence or deported from the United States, there is a considerable likelihood that his case is moot, and that Petitioner may not have a significant interest in pursuing habeas relief further.

5. Based on the recent return of mail, the Court suspects that Petitioner failed to properly update his address with the Court. Therefore, by <u>August 3, 2018</u>, Petitioner will file a

sworn notice with the Court indicating his current, accurate mailing address. Failure to do so may lead the Court to conclude pursuant to Federal Rule of Civil Procedure 41 that Petitioner has no interest in prosecuting this action further or is willing to abide by court orders, and that dismissal is appropriate under the Local Rule.

* * *

6. The Court relieves the Attorney General of its obligation to respond to the petition until it determines Petitioner's current address or considers the Rule 41 issues at play here.